IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

02 JUN 24 PM 4:22

DELLA GARCIA,

      Plaintiff,

v.                                                              CIV NO.:

DION'S                                          CIV-02-0733 WPJ RLP

      Defendant.

### PLAINTIFF'S COMPLAINT OF DAMAGES AND JURY DEMAND

**COMES NOW,** Plaintiff Della Garcia, by and through her attorney, Gilbert J. Vigil, and hereby state the following as her cause of action for relief and damages.

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, as amended in 1978, 42 U.S.C. §2000e-5(f)(3) hereinafter Title VII. The rights, privileges and immunities sought herein to be redressed are those secured by the Equal Employment Opportunity Commission (hereinafter "E.E.O.C.,"). Jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 626 (b) and § 1343.

2. All conditions precedent to filing of these claims have been complied with; a charge of discrimination was dually filed with the New Mexico Human Rights Division, State of New Mexico and the Equal Employment Commission (E.E.O.C.) on February 11, 2002 and was within 300 days from occurrence of the commission of the unfair labor practice.

3. That a Dismissal and Notice of Right to Sue was issued from the EEOC on March 26, 2002, a copy of which is attached herein as "Exhibit A." This complaint has been filed within ninety (90) day of receipt of the notification of the Right to Sue.

## PARTIES

4. Plaintiff Della Garcia was at all times material herein employed by Dion's as a Crew Leader on January 1992. At the time of filing her charge with the Human Rights Division and the EEOC, Plaintiff was transferred to the restaurant #5 at 13170 Central S.E., Albuquerque, New Mexico 87123. The unlawful employment problems alleged herein were committed within the State of New Mexico.

5. At all times material herein, Plaintiff, a Hispanic Female, resided at 4311 Mesa Grande S.E. Albuquerque, New Mexico 87108.

6. At all times material herein, Defendant conducted business in New Mexico and is an employer within the meaning of Title VII.

## FACTS COMMON TO ALL COUNTS

7. At all times material herein, Nathan Candelaria served as the General Manager at Dion's on 4717 Central N.E. Albuquerque, New Mexico 87106.

8. Prior to Plaintiff's termination, she was working approximately seven and a half (7 ½) hours a day. After engaging in protected activity, Plaintiff was allowed to work only three(3) hours per day.

9. During Plaintiff's tenure of employment with Defendant, several of her coworkers made several unwelcome and unwanted comments to Plaintiff which she considered to be sexual harassment.

10. For example, in January 2002, Peter Barnall, a co-worker, inquired if Plaintiff and her husband had "wild or crazy sex."

11. In January 2002, Peter Barnall asked, "Della are you Mexican?" and stated "I have a girlfriend who is Mexican. Are all Mexicans good in bed?" The comment was made in front of several co-workers and the assistant manager and general manager.

12. On February 4, 2002, Peter Barnall also commented that he wanted to have sex with customers and with co-worker, Leanne Bell.

13. In February 2002, Peter Barnall stated that he felt like having "oriental sex with Mike's mother if she wasn't busy that night."

14. The comments were made in front of Assistant Manager, Valerie Paiz. Plaintiff complained to General Manager, Nathan Candelaria, about the sexual harassment prior to filing her charge of discrimination; yet, Mr. Candelaria and Valerie Paiz failed to properly advise upper-level management and properly take corrective action against Peter Barnell and Mike. The sexual harassing conduct against Plaintiff continued unabated throughout her tenure of employment with Defendant, and was pervasive.

15. Plaintiff was satisfactorily performing her duties and responsibilities with respect to her job through her entire tenure with Defendant.

16. Plaintiff repeatedly complained of unsafe working conditions, harassment and sexual harassment.

17. Mr. Candelaria dismissed Plaintiff's complaints without corrective action, and often laughed when sexual comments were made in his presence, therefore, this unlawful conduct was condoned and encouraged by management.

18. On February 5, 2002 Dena Tutoai threatened Plaintiff with physical violence. Plaintiff reported the incident to General Manager, Nathan Candelaria and he instructed Plaintiff to go home on February 6, 2002. On this same day, District Manager, Chris Moya, called Plaintiff and informed her that Mr. Candelaria had terminated her employment. Mr. Moya then unilaterally transferred Plaintiff to restaurant #5 on 4717 Central N.E. Albuquerque, New Mexico 87106. Her hours have been reduced to approximately fifteen (15) hours per week, in retaliation for voicing her concerns.

## COUNT I
## UNLAWFUL SEXUAL HARASSMENT DISCRIMINATION IN VIOLATION OF TITLE VILL OF THE 1964 CIVIL RIGHTS ACT AS AMENDED IN 1978 & 1991

19. Each and every allegation set forth in the preceeding paragraphs is incorporated as if set forth herein.

20. Plaintiff is a member of a protected class (female).

21. Plaintiff was subjected to sexual innuendos and obscene language during her entire tenure of employment with Defendant.

22. The above-described unwelcome sexual harassment created and intimidating, oppressive, hostile and offensive work environment, which interfered with Plaintiff's emotional well-being.

23. Defendant at all relevant times hereto had actual and constructive knowledge of the conduct described in paragraphs seven (7) through nineteen (19).

24. Defendant's conduct towards Plaintiff was sufficiently severe, outrageous and/or pervasive, so as to unreasonably interfere with her work performance or create an intimidating, hostile or offensive working environment.

25. As a result of the hostile and offensive work environment perpetrated by Defendant and maintained by Defendant and Defendant's failure to protect Plaintiff from further harassment, Plaintiff suffered severe emotional distress.

26. Defendant violated Plaintiff rights by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts of its management employees.

## COUNT II
## RETALIATION

27. Each and every allegation set forth in the preceding paragraphs is incorporated as if set forth fully herein.

28. Plaintiff engaged in a protected activity by reporting sexual harassment of herself to the General Manager.

29. As herein alleged, Defendant illegally retaliated against Plaintiff by subjecting Plaintiff to an unjust transfer to another restaurant location and drastically cutting her hours of work solely because she had reported sexual harassment of herself and other female employees. Defendants had no legitimate business reasons for any such acts.

30. Defendant's acts alleged in paragraph 19 were causally connected with her reports and complaints to the General Manager.

## COUNT III
## BREACH OF CONTRACT

31. Each and every allegation set forth in the preceding paragraphs is incorporated as if set forth fully herein.

32. Plaintiff's employment was governed by an express and implied contract of employment by failing to enforce its policies prohibiting sexual harassment and retaliation in the workplace.

33. Defendant violated Plaintiff's employment contract by singling Plaintiff out for adverse employment actions based on differential treatment with respect to the terms, conditions and privileges of employment, especially in terms of unlawful, retaliatory transfer to another store, and the drastic cut in her work hours.

34. Defendant violated Plaintiff's employment contract by discriminating against Plaintiff on the basis of her gender (female).

## COUNT IV
## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

35. Each and every allegation set forth in the preceding paragraphs is incorporated as if set forth fully herein.

36. There is an implied covenant of good faith and fair dealing Defendant's employment contract with Plaintiff.

37. At all material times hereto, Defendant acted in bad faith by failing to take corrective action, unilaterally transferring Plaintiff and drastically cutting her work hours in retaliation for complaining about unlawful employment practices. Management was aware, yet management encouraged and condoned these unlawful employment practices.

## GENERAL PRAYER FOR RELIEF AS TO ALL COUNTS

**WHEREFORE**, Plaintiff requests this Court:

a. Adjudge and decree that Defendant violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended in 1978 and the Civil Rights Act of 1991; 42 U.S.C. § 2000e et. Seq., and has done so willfully;

b. Award against Defendant and in favor of Plaintiff, prejudgment interest in amounts to be proved at trial;

c. Award against Defendant and in favor of Plaintiff, actual damages for back pay benefits, future earnings and promotional opportunities to be proved at trial.

d. Award against Defendant and in favor of Plaintiff, damages for pain and suffering in an amount proved at trial;

e. Award against Defendant and in favor of Plaintiff, punitive damages in an amount sufficient to punish Defendant for its willful, malicious and reckless misconduct and to deter such conduct in the future;

f. Award against Defendant and in favor of Plaintiff, attorney fees as permitted by law.

g. Award against Defendant an in favor of Plaintiff, compensatory and consequential damages in an amount to compensate Plaintiff for loss of wages, lost job opportunities, pain and suffering, or other damages duly proved to have been supported by Plaintiff because of Defendant's alleged conduct; and

h. Award against Defendant and in favor of Plaintiff; such other equitable and further relief as the Court deems proper and just.

### JURY DEMAND

Pursuant to the Seventh Amendment to the U.S. Constitution, Rule 38 of the Federal Rules of Civil Procedure, and the laws of the State of New Mexico, Plaintiff hereby demands a trial by jury.

Respectfully Submitted,

_____
GILBERT J. VIGIL, ESQ.
Attorney for Plaintiff
1615 Central Ave. N.W.
Albuquerque, New Mexico 87104
(505) 242-1796